FILED
February 6, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: _____LT_____
           Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>v<br><br>FRANK RICHARD AHLGREN, III<br>Defendant | AU:24-CR-00031-RP<br><br>INDICTMENT<br><br>[CTS 1-3:  26 U.S.C. § 7206(1), Filing False Tax Return;<br>CTS 4-7:  31 U.S.C. § 5324(a)(3), Structuring] |

THE GRAND JURY CHARGES:

INTRODUCTION

At times relevant to this Indictment:

 1. FRANK RICHARD AHLGREN, III, also known as "Paco," resided in Austin, Texas, within the Western District of Texas.

 2. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

 3. Cryptocurrency, a type of virtual currency, was a decentralized, peer-to peer, network-based medium of value or exchange that may be used as a substitute for currency to buy goods or services or exchanged for currency or other cryptocurrencies.  Bitcoin was a type of cryptocurrency.  Bitcoin was not issued by any government, bank, or company, but rather controlled through computer software operating via a decentralized, peer-to-peer network.  Individuals could obtain bitcoin through several avenues, including from exchanges, directly from other people, and by a process called mining.  To conduct transactions on a blockchain, an individual must use a Bitcoin address which was also referred to as a public key.  A Bitcoin address was akin to a bank account number and consisted of a string of more-than-26-character-

long, case-sensitive letters and numbers. Bitcoin addresses were controlled through the use of a unique corresponding private key. This private key was the equivalent of a password or PIN and was necessary to access the bitcoins associated with a Bitcoin address. Only the holder of an address's private key could authorize the transfer of bitcoin from that address to another address.

4. All bitcoin transactions were recorded on what was known as the Bitcoin blockchain. The Bitcoin blockchain was essentially a distributed public ledger that kept track of all bitcoin transactions, incoming and outgoing, and updated approximately six times per hour. The Bitcoin blockchain recorded every bitcoin address that ever received bitcoins and maintained records of every transaction. All records on the Bitcoin blockchain were publicly available.

5. Generally, a wallet was a software application that allowed bitcoin users to easily send and receive bitcoins and store their private keys for their bitcoin addresses.

6. When a taxpayer sold cryptocurrency, including bitcoin, then the taxpayer had to report sales proceeds and any gains or losses from the sale of the cryptocurrency on their tax return. A taxpayer reported sales proceeds and any gains or losses from the sale of cryptocurrency on an IRS Form 8949, Sales and Other Dispositions of Capital Assets. The totals from the IRS Form 8949 would flow onto the taxpayer's Schedule D, Capital Gains and Losses. Both the IRS Form 8949 and Schedule D would be attached to the taxpayer's Form 1040, U.S. Individual Income Tax Return. To determine the gain or loss from the sale, the taxpayer would subtract their basis from the sales proceeds. The basis was generally the price that the taxpayer paid to purchase the cryptocurrency.

7. When a tax preparer prepared and electronically filed a tax return for a client, the tax return contained an electronic signature of the taxpayer on the IRS Form 1040. In such cases, the taxpayer was required to sign an IRS Form 8879, e-file Signature Authorization, declaring,

under penalties of perjury, that the taxpayer examined the electronic tax return and accompanying schedules and statements, and to the best of the taxpayer's knowledge and belief, they are true, correct, and complete. AHGLREN signed IRS Forms 8879 for his 2017, 2018, and 2019 electronically filed tax returns.

8. Title 31, United States Code, Section 5313 and the regulations promulgated thereunder, required any domestic financial institution that engaged in a currency transaction (*e.g.*, a deposit or withdrawal) in excess of $10,000 with a customer to report the transaction to the United States Department of the Treasury by filing a Currency Transaction Report ("CTR"). Structuring cash deposits to avoid triggering the filing of a CTR by financial institution was prohibited by Title 31, United States Code, Section 5324(a).

COUNT ONE
[26 U.S.C. § 7206(1)]

9. The factual allegations contained in Paragraphs 1 through 7 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

10. On or about October 23, 2017, AHLGREN sold approximately 640 bitcoins worth a total of approximately $3.7 million that he used to purchase a house in Park City, Utah.

11. On or about April 5, 2018, in the Western District of Texas, the Defendant,

FRANK RICHARD AHLGREN, III,

willfully made and subscribed a false U.S. Individual Income Tax Return, Form 1040, for the calendar year 2017, which was verified by a written declaration that it was made under the penalties of perjury, and which the Defendant did not believe to be true and correct as to every material matter. That tax return which was filed with the Internal Revenue Service was false as to a material matter in that, among other things, it:

(1) reported on Line 13 a capital gain of $21,167, whereas, as the Defendant knew, he had capital gains in excess of that amount;

(2) reported on IRS Form 8949, Sales and Other Dispositions of Capital Assets, Part 1 (Short-Term), Line 1, short-term transactions in bitcoin with a cost basis of $3,021,492, whereas, as the Defendant knew, he had a cost basis less than that amount; and

(3) reported on IRS Form 8949, Sales and Other Dispositions of Capital Assets, Part 2 (Long-Term), Line 2, long-term transactions in bitcoin with a gain of $510,752, whereas, as the Defendant knew, he had long-term gains in excess of that amount.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT TWO
[26 U.S.C. § 7206(1)]

12. The factual allegations contained in Paragraphs 1 through 7 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

13. In 2018, AHLGREN sold approximately 38 bitcoins worth a total of approximately $398,000 to purchase gold coins.

14. In April 2018, AHLGREN sold approximately 13 bitcoins to Individual A, who paid AHLGREN a total of approximately $125,000 in cash.

15. On or about April 6, 2019, in the Western District of Texas, the Defendant,

FRANK RICHARD AHLGREN, III,

willfully made and subscribed a false U.S. Individual Income Tax Return, Form 1040, for the calendar year 2018, which was verified by a written declaration that it was made under the penalties of perjury, and which the Defendant did not believe to be true and correct as to every material matter. That tax return which was filed with the Internal Revenue Service was false as to a material matter in that, among other things, it:

(1) attached a false IRS Form 8949, Sales and Other Dispositions of Capital Assets, that failed to report all of his proceeds from the sale of bitcoin and other cryptocurrencies, whereas as the Defendant knew, he had proceeds from the sale of bitcoin that he did not report;

(2) attached a false Schedule D, Capital Gains and Losses, that failed to report all of his proceeds from the sale of bitcoin and other cryptocurrencies, whereas, as the Defendant knew, he had proceeds from the sale of bitcoin that he did not report; and

(3) falsely declared under penalties of perjury that the return and accompanying schedules and statements were true, correct, and complete, whereas the Defendant knew that that this declaration was false because he failed to report all of his proceeds from the sale of bitcoin and other cryptocurrencies.

All in violation of Title 26, United States Code, Section 7206(1).

COUNT THREE
[26 U.S.C. § 7206(1)]

16. The factual allegations contained in Paragraphs 1 through 7 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

17. On or about February 13, 2019, AHLGREN sold approximately 13 bitcoins to Individual A, who paid AHLGREN a total of approximately $47,000 in cash.

18. On or about May 15, 2019, AHLGREN sold approximately 10 bitcoins to Individual A, who paid AHLGREN a total of approximately $79,000 in cash.

19. On or about October 15, 2019, AHLGREN sold approximately 6 bitcoins to Individual A, who paid AHLGREN a total of approximately $44,000 in cash.

20. On or about February 20, 2020, in the Western District of Texas, the Defendant,

FRANK RICHARD AHLGREN, III,

willfully made and subscribed a false U.S. Individual Income Tax Return, Form 1040, for the calendar year 2019, which was verified by a written declaration that it was made under the penalties of perjury, and which the Defendant did not believe to be true and correct as to every material matter. That tax return, which was filed with the Internal Revenue Service was false as to a material matter in that, among other things, it:

(1) attached a false IRS Form 8949, Sales and Other Dispositions of Capital Assets, that failed to report all of his proceeds from the sale of bitcoin and other cryptocurrencies, whereas as the Defendant knew, he had proceeds from the sale of bitcoin that he did not report;

(2) attached a false Schedule D, Capital Gains and Losses, that failed to report all of his proceeds from the sale of bitcoin and other cryptocurrencies, whereas, as the Defendant knew, he had proceeds from the sale of bitcoin that he did not report; and

(3) falsely declared under penalties of perjury that the return and accompanying schedules and statements were true, correct, and complete, whereas the Defendant knew that that this declaration was false because he failed to report all of proceeds from the sale of bitcoin and other cryptocurrencies.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT FOUR
[31 U.S.C. § 5324(a)(3)]

21. The factual allegations contained in Paragraphs 1 through 8 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

22. On or about February 13, 2019, AHLGREN sold approximately 13 bitcoins to Individual A, who paid AHLGREN a total of approximately $47,000 in cash.

23. From on or about February 13, 2019, through on or about March 4, 2019, as set forth below, in the Western District of Texas, the Defendant,

FRANK RICHARD AHLGREN, III,

did knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure, assist in structuring, and attempt to structure transactions with a domestic financial institution, identified below.  During that time period, AHLGREN made, and caused to be made, cash deposits totaling approximately $44,505.00 in individual amounts of $10,000 or less to avoid the filing of a CTR:

| Paragraph | Financial Institution | Date of Deposit | Deposit Amount |
|---|---|---|---|
| 24. | JPMorgan Chase Bank | 02/13/19 | $8,060.00 |
| 25. | University FCU | 02/13/19 | $7,060.00 |
| 26. | JPMorgan Chase Bank | 02/13/19 | $6,000.00 |
| 27. | JPMorgan Chase Bank | 02/15/19 | $9,040.00 |
| 28. | JPMorgan Chase Bank | 02/19/19 | $9,680.00 |
| 29. | JPMorgan Chase Bank | 03/04/19 | $4,665.00 |

All in violation of Title 31, United States Code, Section 5324(a)(3) and Title 31, Code of Federal Regulations, Section 103.22

## COUNT FIVE
[31 U.S.C. § 5324(a)(3)]

30. The factual allegations contained in Paragraphs 1 through 8 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

31. On or about May 15, 2019, AHLGREN sold approximately 10 bitcoins to Individual A, who paid AHLGREN a total of approximately $79,000 in cash.

32. From on or about May 15, 2019, through on or about May 28, 2019, as set forth below, in the Western District of Texas, the Defendant,

FRANK RICHARD AHLGREN, III,

did knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure, assist in structuring, and attempt to structure transactions with a domestic financial institution, identified below. During that time period, AHLGREN made, and caused to be made, cash deposits totaling approximately $54,490.00 in individual amounts of $10,000 or less to avoid the filing of a CTR:

| Paragraph | Financial Institution | Date of Deposit | Deposit Amount |
| --- | --- | --- | --- |
| 33. | JPMorgan Chase Bank | 05/15/19 | $9,900 |
| 34. | JPMorgan Chase Bank | 05/17/19 | $9,740 |
| 35. | JPMorgan Chase Bank | 05/21/19 | $9,940 |
| 36. | JPMorgan Chase Bank | 05/23/19 | $9,960 |
| 37. | Texas Health Credit Union | 05/23/19 | $5,000 |
| 38. | JPMorgan Chase Bank | 05/28/19 | $9,950 |

All in violation of Title 31, United States Code, Section 5324(a)(3) and Title 31, Code of Federal Regulations, Section 103.22

## COUNT SIX
## [31 U.S.C. § 5324(a)(3)]

39. The factual allegations contained in Paragraphs 1 through 8 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

40. On or about October 15, 2019, AHLGREN sold approximately 6 bitcoins to Individual A, who paid AHLGREN a total of approximately $44,000 in cash.

41. From on or about October 15, 2019, through on or about October 25, 2019, as set forth below, in the Western District of Texas, the Defendant,

FRANK RICHARD AHLGREN, III,

did knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure, assist in structuring, and attempt to structure transactions with a domestic financial institution, identified

below. During that time period, AHLGREN made, and caused to be made, cash deposits totaling approximately $40,720.00 in individual amounts of $10,000 or less to avoid the filing of a CTR:

| Paragraph | Financial Institution | Date of Deposit | Deposit Amount |
|---|---|---|---|
| 42. | JPMorgan Chase Bank | 10/15/19 | $5,000 |
| 43. | Texas Health Credit Union | 10/15/19 | $9,900 |
| 44. | University Federal CU | 10/16/19 | $9,140 |
| 45. | University Federal CU | 10/21/19 | $9,580 |
| 46. | University Federal CU | 10/25/19 | $7,100 |

All in violation of Title 31, United States Code, Section 5324(a)(3) and Title 31, Code of Federal Regulations, Section 103.22

## COUNT SEVEN
[31 U.S.C. § 5324(a)(3)]

47. The factual allegations contained in Paragraphs 1 through 8 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

48. On or about January 15, 2020, AHLGREN sold approximately 5 bitcoins to Individual A, who paid AHLGREN a total of approximately $44,000 in cash.

49. From on or about January 15, 2020, through on or about January 23, 2020, as set forth below, in the Western District of Texas, the Defendant,

FRANK RICHARD AHLGREN, III,

did knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure, assist in structuring, and attempt to structure transactions with a domestic financial institution, identified below. During that time period, AHLGREN made, and caused to be made, cash deposits totaling approximately $34,800.00 in individual amounts of $10,000 or less to avoid the filing of a CTR:

| Paragraph | Financial Institution | Date of Deposit | Deposit Amount |
|---|---|---|---|
| 50. | Texas Health CU | 01/15/20 | $5,500 |
| 51. | JPMorgan Chase Bank | 01/15/20 | $9,500 |
| 52. | University Federal CU | 01/16/20 | $9,900 |
| 53. | University Federal CU | 01/21/20 | $9,900 |

All in violation of Title 31, United States Code, Section 5324(a)(3) and Title 31, Code of Federal Regulations, Section 103.22

A TRUE BILL

FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
United States Attorney

By: _____
WILLIAM R. HARRIS
Assistant United States Attorney

MICHAEL C. BOTELER
Assistant Chief
MARY FRAN RICHARDSON
Trial Attorney
U.S. Department of Justice, Tax Division