UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>v<br><br>FRANK RICHARD AHLGREN, III<br>Defendant | Criminal No. AU 24 CR 31 RP |

GOVERNMENT'S ADVISORY TO THE COURT
AND REQUEST FOR HEARING ON APRIL 9, 2024

TO THE HONORABLE ROBERT L. PITMAN, UNITED STATES DISTRICT JUDGE:

The instant case stands at an unusual procedural posture.  The Defendant is currently in state custody pursuant to a civil contempt order.  Although indicted in the instant case on February 6, 2024, Defendant has yet to be brought before this Court for an initial appearance. The United States asks this honorable Court to refer this matter to a magistrate judge for purposes of holding an initial appearance pursuant to F.R.Crim.P. Rule 5 and also to address the issue of the Defendant's detention, release, or return to state custody.

Procedural Background

On February 6, 2024, Defendant was charged by indictment (Document 1) with three counts of filing false tax returns in violation of Title 26, United States Code, Section 7206(1) and four counts of structuring deposits to evade currency transaction reporting requirements in violation of Title 31, United States Code, Section 5324(a)(3).  On the same day the United States moved to detain the Defendant as a flight risk (Document 6).  At the time of indictment, the Defendant was and had been in the Travis County Jail on the order of a Travis County District Court in Cause Number D-1-GN-20-001472 styled Frank Ahlgren, Jr., and Elise Leake, Co-Trustees of the Ahlgren Management Trust, Plaintiffs v. Frank Ahlgren, III, and the Copernican,

LLC, Defendants, where he remains.  Immediately following indictment, the United States lodged a detainer with the Travis County Jail pursuant to Title 18, United States Code, Section 3161(j)(1).

Attorneys Dennis G. Kainen and Brielle L. Mark have informed the United States that they represent the Defendant and will be entering their appearance in this case.  They have asked the United States to ask the Court to schedule both the initial appearance and detention hearing for Tuesday, April 9, 2024[1].  If so scheduled, the United States will seek a Writ of Habeas Corpus Ad Prosequendum to compel the Defendant's appearance.

<u>Discussion</u>

In proceeding in this fashion, the United States had attempted to comply with the anti-shuttling provisions of Interstate Agreement on Detainers[2] and the Speedy Trial Act, 18 U.S.C. § 3161(j)(1)[3] by having lodged a detainer[4].  The United States is also attempting to not interfere with the state District Court's attempt to have the Defendant comply with its order via civil contempt incarceration by bringing him into federal custody.  Yet, having been notified by Defendant's counsel that Defendant "does demand trial" the provisions of § 3161(j)(2) & (3)[5] now apply.

---

[1] This date would accommodate defense counsel's court appearances schedule.

[2] Codified at 18 U.S.C. App. 2.

[3] Section 3161(j)(1) provides:
  If the attorney for the Government knows that a person charged with an <u>offense</u> is serving a term of imprisonment in any penal institution, he shall promptly—
  **(A)** undertake to obtain the presence of the prisoner for trial; or
  **(B)** cause a detainer to be filed with the person having custody of the prisoner and request him to so advise the prisoner and to advise the prisoner of his right to demand trial.

[4] While technically the anti-shuttling provisions do not apply to Defendant as he is a state *detainee* and not a state *prisoner*, out of an abundance of caution the United States nevertheless lodged the detainer under Section 3161(j)(1) rather than seeking a writ.

[5] Section 3161(j) also provides:
  **(2)** If the person having custody of such prisoner receives a detainer, he shall promptly advise the prisoner of the charge and of the prisoner's right to demand trial. If at any time thereafter the prisoner informs the person having custody that he does demand trial, such person shall cause notice to that effect to be sent promptly to the attorney for the Government who caused the detainer to be filed.
  **(3)** Upon receipt of such notice, the attorney for the Government shall promptly seek to obtain the presence of the prisoner for trial.

Conclusion

Therefore, the United States asks this Court to refer this matter to a magistrate judge for an initial appearance and detention hearing to be held on Tuesday, April 9, 2024.

Respectfully submitted,

JAIME ESPARZA
UNITED STATES ATTORNEY


WILLIAM R. HARRIS
Assistant United States Attorney
Ohio Bar No. 0017818
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216-5597
(210) 384-7025
Bill.Harris@usdoj.gov

MICHAEL C. BOTELER
Assistant Chief
MARY FRAN RICHARDSON
Trial Attorney
U.S. Department of Justice, Tax Division


CERTIFICATE OF CONFERENCE

I have conferred with counsel for Defendant, Brielle L. Mark, who stated she joins in the request for an April 9th initial appearance and detention hearing portion of this filing.


WILLIAM R. HARRIS
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT I served a true and correct copy of this Advisory and Motion via email to counsel for Defendant, Dennis G. Kainen and Brielle L. Mark, this 21st day of March 2024.


WILLIAM R. HARRIS
Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

UNITED STATES OF AMERICA
　　　　　　　Plaintiff

v                                                    Criminal No. AU 24 CR 31 RP

FRANK RICHARD AHLGREN, III
　　　　　　　Defendant

## ORDER

The Court, having considered the Government's Advisory to the Court and Motion for Hearing to be Held on April 9, 2024, finds it to be well taken.

IT IS THEREFORE ORDERED THAT this case be and hereby is referred to a United States Magistrate Judge to hold an initial appearance pursuant to F.R.Crim.P. Rule 5 and further hold a hearing to consider matters pertaining to the detention, release, or return to state custody of the Defendant.

SO ORDERED this ____ day of March 2024.


_____
ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE