United States District Court
Western District of Texas
Austin Division

| | |
|---|---|
| United States of America,<br>    Plaintiff,<br><br>v.<br><br>Frank Richard Ahlgren III,<br>    Defendant. | No. 1:24-CR-00031-RP-1 |

## Motion for a Restraining Order to Prevent Dissipation of Assets

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States of America and moves this Court pursuant to the All Writ's Act, 28 U.S.C. § 1651, for an order restraining Defendant, FRANK RICHARD AHLGREN, III, his representatives, attorneys, agents, family members, nominees, alter egos (companies), custodians, assigns, and any other person or entity holding any property on his behalf from alienating, dissipating, transferring, selling, assigning, leasing, pledging, encumbering, disposing, concealing, moving, or attempting or completing any action that would affect or diminish the marketability or value of Defendant's real, personal, or virtual property or otherwise render it unavailable for restitution. The Government seeks the restraint of Defendant's property so that it is available for restitution under the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A.

### Facts

1.  On September 3, 2024, the Defendant pleaded guilty to one count of Willfully Making and Subscribing a False Tax Return in violation of 26 U.S.C. § 7206(1). (SEALED Doc. No. 28).

2.  On December 12, 2024, Defendant was sentenced to 24 months of imprisonment after he pled guilty to one count of Willfully Making and Subscribing a False Tax Return in

violation of 26 U.S.C. § 7206(1). Defendant was ordered to pay restitution in the amount of $1,095,031.00 together with a $100.00 special assessment. (JCC at Doc. No. 45).

3.     The United States is informed that the Defendant may be dissipating his virtual or cryptocurrency and/or placing it beyond the reach of the United States. The United States seeks a reasonable restraint of Defendant's property to preserve it for application to any Court-imposed restitution debt.

4.     In its sentencing memorandum, (doc. no. 40), the Government summarized the tracing investigation results performed by its expert from Chainalysis, Elizabeth Bisbee. In particular, her tracing analysis found that the Defendant had at least 1,287 bitcoins that he moved through a Wasabi Wallet, which is a mixer designed to thwart efforts to trace bitcoin on the blockchain. The Defendant sent these bitcoins to the mixer shortly the Government executed a search warrant at his home on March 5, 2020. These bitcoins are now worth approximately $130 million. However, the United States has been unable to trace the bitcoins after they went to the Wasabi mixer, nor has it found any equivalent assets suggesting that the bitcoins were converted or liquidated.

5.     On March 5, 2020, law enforcement seized approximately 55 digital storage devices that were encrypted, otherwise inaccessible, or empty. While the Government does not have the password to unencrypt the drives or access files on the drives, the Government has been able to locate a file directory that could be associated with a virtual currency wallet, namely a Monk Wallet. Without the passwords, seed phrases, private keys, or other similar information, the Government cannot access the flash drives or the files within, including the possible Monk Wallet, to determine whether there is cryptocurrency stored on the devised in the Government's possession.

6.   The United States also requests that the Defendant complete its Financial Statement Form, and provide the requested supplemental documents, within thirty (30) days.

### **Argument**

This Court has the authority to restrain a defendant's property even in anticipation of a sentence that will include restitution. Federal courts are authorized under the All Writs Act ("Act"), 28 U.S.C. § 1651, to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). While the language of the Act refers to writs issued in aid of jurisdiction, the Supreme Court has held that the Act empowers district courts to issue orders or injunctions "necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *United States v. Abdelhadi*, 327 F. Supp. 2d 587, 598 (E.D. Va. 2004) (citing *United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977)); *see also United States v. Cohen,* 152 F.3d 321, 325 (4th Cir. 1998) (stating that "courts have held that 'where an injunction is proper in order to protect or effectuate the judgments of a federal court, it is within that court's power to issue the injunction under the All Writs Act'") (citation omitted)). A district court's power in this regard includes the power to enjoin or bind non-parties. *See In re Baldwin–United Corp.,* 770 F.2d 328, 338 (2d Cir. 1985).

For instance, in *United States v. Numisgroup Int'l Corp.*, the government moved under the All Writs Act to restrain 26,600 coins seized via a search warrant in anticipation of a restitution order to be imposed at sentencing. *United States v. Numisgroup Int'l Corp.*, 169 F. Supp. 2d 133, 138 (E.D. N.Y. 2001). In finding authority under the Act to restrain assets where "sentencing and a substantial Order of Restitution is imminent," the court noted that the All Writs Act grants courts the power to enjoin and bind parties and non-parties when such action is necessary "to preserve

the Court's ability to reach and enforce its decision in a case over which it has proper jurisdiction." *Id.* Post-conviction, defendants "no longer are bathed with the presumption of innocence," and the Court has the power to restrain assets between the time of conviction and the time of sentencing so that assets are available to comply with the upcoming restitution order. *Id.*; *see also*, *United States v. Gates*, 777 F. Supp. 1294, 1296, n.7 (E.D. Va. 1991) (trial court has authority to order a defendant awaiting sentencing not to dispose of his assets to ensure meaningful ability to impose a proper sentence and "to fulfill the intent and mandate of Congress that a financially able defendant pay fines and costs of prosecution, incarceration, and supervised release or probation"). In *United States v. Friedman*, a district Court also granted relief similar to that sought herein by temporarily restraining a defendant from transferring assets pursuant to the All Writs Act. *United States v. Friedman*, 143 F.3d 18, 19-20 (1st Cir. 1998). More recently, a district court relied on *Gates* and *Abdelhadi* to enter an order restraining the defendant from disposing of assets following the defendant's entry of a guilty plea but before his sentencing hearing. *United States v. Sullivan*, 2010 WL 5437243, 1, 6-8 (E.D.N.C. 2010).

The Government enforces orders of restitution as well as other debts owed the United States through the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001 *et seq.*, and "by all other available and reasonable means" pursuant to 18 U.S.C. § 3664(m)(ii). Specifically, the FDCPA authorizes the Court to utilize the All Writs Act, 28 U.S.C. §1651, to support any of the remedies set forth in the FDCPA. 28 U.S.C. § 3202(a). However, the Government's enforcement efforts typically begin post-judgment based on the lien that arises when the Court pronounces its sentence. *See* 18 U.S.C. § 3613. Moreover, none of the various remedies available to the government under the MVRA and the FDCPA to enforce collection of the restitution obligation can be instantly implemented, and none of them prevents a defendant or

those acting on his behalf from dissipating assets or otherwise secreting, wasting, or placing them beyond the Government's reach. The All Writs Act, 28 U.S.C. §1651, allows the Court to restrain a defendant's assets even before an order of restitution has been entered to preserve them and ensure effectiveness of the Court's order.

Defendant has agreed to pay restitution to his victim, but his property, the most valuable of which appears to be virtual in nature, cannot be attached by ordinary physical means.[1] Consequently, the United States seeks not only to restrain any virtual currency by order of this Court but to obtain the private keys to enable it access so that it cannot be moved by others. Should the private keys be lost or destroyed, the virtual currency is irretrievable. Although virtual currency or cryptocurrency is a new form of property interest, other courts have expressly included it in restraining orders. *See Secs. and Exch. Comm'n v. PlexCorps*, 2017 WL 6398722 (E.D. N.Y. Dec. 14, 2017).

Accordingly, the United States respectfully requests an order restraining the dissipation of Defendant's property and instructing the Defendant to provide the United States with the information necessary to identify and freeze his interest in any virtual currency and for such other relief as may be just and proper.

        Respectfully submitted,

        JAIME ESPARZA
        UNITED STATES ATTORNEY

By:  */s/ Mark J. Tindall*
       **MARK J. TINDALL**
       Assistant United States Attorney

---

[1] Under the FDCPA, the definition of "property" to which the Government's lien attaches includes property that is "intangible." See 28 U.S.C. § 3002(12) and 18 U.S.C. § 3613.

Texas Bar No. 24071364
903 San Jacinto Blvd, Suite 334
Austin, Texas 78701
Telephone: (512) 687-0805
Facsimile:  (512) 916-5854
ATTORNEY FOR UNITED STATES

**Certificate of Service**

I certify that on December 19, 2024, I electronically filed this document with the Clerk of Court using the CM/ECF system.

☒ The CM/ECF system will send notification to the following CM/ECF participant(s):

Dennis G. Kainen
WEISBERG KAINEN MARK, PL
100 SE 2nd Street, Suite 2222
Miami, Florida 33131
dkainen@wkm-law.com

Joshua David Smeltzer
GRAY REED & MCGRAW
1601 Elm Street, Suite 4600
Dallas, Texas 75201
jsmeltzer@grayreed.com

*Attorneys for Defendant*

☐ I also certify that I have mailed this document by United States Postal Service to the following non-CM/ECF participant(s):

/s/ Mark J. Tindall
**MARK J. TINDALL**
Assistant United States Attorney