IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. 1:24-CR-00031(1)-RP |
| FRANK RICHARD AHLGREN, III, | § § § | |
| Defendant, | § § | |
| and | § § | |
| STEPHANIE MARIE URE, | § § § | |
| Third Party-in-Interest, | § § | |
| and | § § | |
| WELLS FARGO BANK, NATIONAL ASSOCIATION, | § § § § | |
| Garnishee. | § § | |

**THIRD PARTY-IN-INTEREST'S MOTION TO QUASH AND OBJECTION TO THE WRIT OF GARNISHMENT AND REQUEST FOR HEARING**

Third Party-in-Interest Stephanie Ure (hereinafter "Ure"), respectfully submits this Motion to Quash and Objection to the Writ of Garnishment, and Request for Hearing pursuant to 18 U.S.C. § 3613(a)(1), 28 U.S.C. § 3202, and 28 U.S.C.A. § 3205(c)(5), and would show the Court the following:

**I.     PROCEDURAL HISTORY**

The United States of America ("Plaintiff"), which has a judgment against Defendant Frank Richard Ahlgren, III (herein known as "Ahlgren") in the amount of $1,095,131.00 in the above-captioned case (the "Judgment"), filed an Ex–Parte Application for Writ of Garnishment [Dkt. 58]

1

attempting to garnish Ure's property. This Court entered an order granting the Ex-Parte Application [Dkt 59]. The Clerk of this Court issued a Writ of Garnishment [Dkt. 60]. After the Garnishee, Wells Fargo Bank, National Association filed its Answer to the Writ of Garnishment [Dkt. 65], the Plaintiff then filed its Motion to Quash Writ of Garnishment [Dkt. 66]. In an abundance of caution, Ure herby files her Moton to Quash and Objection to the Writ of Garnishment for the following reasons:

## II.    INTRODUCTION

Prior to the entry of the Judgment on November 12, 2021, Ure and Ahlgren entered into a premarital agreement separating all finances (including income) and property both owned at the time and acquired thereafter. On November 14, 2021, they were married. Pursuant to the agreement, Ure's income, bank accounts, retirement accounts and other property is not community property which is subject to garnishment. Accordingly, Ure requests that this honorable court enter an order quashing the writ of garnishment.

## III.    ARGUMENT

In *United States v. Elashi,* 789 F.3d 547, at 548 (5th Cir. 2015), the court states the federal mandatory special assessment is collected in the same manner as criminal fines and are therefore treated in the same manner as federal tax liens. *See* 18 U.S.C. §§ 3013(b), 3613(c). Although federal law creates the lien on Ahlgren's property, state law defines the property interests to which the lien attaches. *See United States v. Elashi (*citing *United States v. Rodgers,* 461 U.S. 677, 683, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983). "[I]t has long been an axiom of our tax collection scheme that, although the definition of underlying property interests is left to state law, the consequences that attach to those interests is a matter left to federal law."). Texas is a community property state. The Texas Family Code defines community property as "property, other than separate property,

acquired by either spouse during marriage." *See* Tex. Fam. Code Ann. § 3.002. All property that

the spouses possess during their marriage is presumed to be community property, *id.* § 3.003, and

each spouse has an undivided, one-half interest in all community assets, *United States v. Elashi*

*(*citing *Medaris v. United States*, 884 F.2d 832, 833 (5th Cir.1989)). However, in Texas, the parties

to a premarital agreement may contract with respect to "the rights and obligations of each of the

parties in any of the property of either or both of them whenever and wherever acquired or located."

*See* Tex. Fam.Code Ann. § 4.003(a)(1), Tex. Const. art. XVI, § 15.

On November 12, 2021, Ure and Ahlgren signed a premarital agreement (the "Premarital

Agreement"). Exhibit A. On November 14, 2021, they were married. In the Premarital Agreement,

Ure and Ahlgren agreed that all income, assets, and liabilities acquired by either party during the

marriage shall remain the separate property of the acquiring party, and no community property

shall be created during their marriage. *Id.* at Art. 3.3- 3.5, p. 3-5. Specifically, Ure and Ahlgren

agreed that the following property will constitute the separate property of Ure:

      1.     all properties listed in Schedule B and E attached to this agreement;

      2.     all mutations, changes, and increases in kind or in value of STEPHANIE's separate property;

      3.     all increases in kind or in value of STEPHANIE's separate property resulting from the time, talent, labor, or personal efforts of either or both parties;

      4.     all income and revenues from STEPHANIE's separate property, all income and property acquired as a result of STEPHANIE's separate property, and all income and property resulting from the reinvestment of that income, including interest and dividend income;

      5.     all of STEPHANIE's interest in or claim to any future profits of any partnership, join venture, or corporation owned by STEPHANIE at the time of the parties' marriage or acquired by STEPHANIE following the marriage, whether the profits are distributed or undistributed;

      6.     all profits, commissions, distributions, revenues, royalties, wages, salary, earnings, income, employee benefits, partnership benefits, corporate benefits, director's compensation, bonuses, stock, stock options, warrants, or other

compensation or benefits of any type earned or received by STEPHANIE after the date of the parties' marriage, and all income and property derived from the reinvestment of STEPHANIE's profits, commissions, distributions, revenues, royalties, wages, salary, earnings, income, employee benefits, partnership benefits, corporate benefits, director's compensation, bonuses, stock, stock options, warrants, or other compensation or benefits of any type earned or received during the marriage, together with all interest and dividend income received by STEPHANIE during the marriage;

7.     all future contributions to all individual retirement accounts, all retirement plans, and all other employee benefit plans made by or on behalf of STEPHANIE after the date of the parties' marriage, together with all increases in value of all such plans;

8.     all interests in any trust in which STEPHANIE has an interest, including but not limited to all corpus of those trusts, as well as all distributed and undistributed income from those trusts;

9.     all recovery for personal injuries and/or property losses sustained by STEPHANIE during the parties' marriage, including any recovery for loss of earning capacity during the marriage; and

10.    all property and property rights acquired by STEPHANIE by gift, devise, or descent.

Furthermore, Schedule B of the Premarital Agreement clearly stipulates that all sums of cash in

Wells Fargo Bank, which accounts stand in Ure's name or from which she has a right to withdraw

funds or which are subject to her control, are her separate property.

2.     All sums of cash in the possession of or subject to the control of STEPHANIE, together with all interest income, mutations, enhancements, and increases therefrom, including money on account in banks, savings institutions, or other financial institutions, which accounts stand in STEPHANIE's name or from which STEPHANIE has a right to withdraw funds or which are subject to STEPHANIE's control, including but not limited to money on account in the following banks, savings institutions, or other financial institutions:

Wells Fargo Bank, NA, Account No. XXXXX3105;

Wells Fargo Bank, NA, Account No. XXXXX7939;

*See* Id. at 30.

4

Here, the Plaintiff's attempted garnishment covers all funds from the bank accounts held solely by Ure and jointly with her former partner, Kevin Baneth. The answer from Wells Fargo lists the following accounts;

| Account No. | State | Amount | Name |
|---|---|---|---|
| Xxx7939 | UT | $6,959.49 | (Ure-primary joint owner) |
| Xxx3105 | UT | $1,994.26 | (Ure-primary joint owner) |
| Xxx2966 | UT | $1,084.42 | (Ure-secondary joint owner)) |
| Xxx1828 | MO | $0.00 | (Ure) |
| Xxx9116 | MO | $0.00 | (Ure) |

As discussed above, all funds from these bank accounts identified by Wells Fargo are funds held solely by Ure as her separate property and are not subject to the writ of garnishment. Exhibit B. Likewise, all funds from the bank account jointly held by Ure and her former partner, Kevin Baneth, (xxx2966) do not constitute community property which is subject to the writ of garnishment. Exhibit B. Accordingly, all funds that have been garnished are not community property subject to garnishment under Texas law and the Premarital Agreement and therefore also not subject to garnishment under Federal law.

## IV.    CONCLUSION

Wherefore, Stephanie Ure respectfully requests that the Court grant the Plaintiff's and her Motion to Quash and sustain Ure's Objection to Writ of Garnishment and set the matter for hearing. Stephanie Ure also requests such other and further relief, at law or equity, which the Court deems necessary or appropriate.

Dated this 30th day of May 2025.                    Respectfully Submitted,

                                                    **GREENBERG TRAURIG, LLP**

                                                    */s/ C. Mark Stratton*
                                                    C. Mark Stratton
                                                    Texas Bar No. 19359200
                                                    Email: strattonm@gtlaw.com
                                                    Alan W. Hersh
                                                    Texas Bar No. 24080944
                                                    Email: hersha@gtlaw.com
                                                    300 West 6th Street, Suite 2050
                                                    Austin, Texas 78701
                                                    Direct:  512.320.7249
                                                    Facsimile:  512.320.7210

                                                    ***Attorneys for Third Party-in-Interest
                                                    Stephanie Ure***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically filed with the Court and that counsel of record, who are deemed to have consented to electronic service in the above-referenced case, are being served this 30th day of May 2025, with a copy of the above-document via the Court's CM/ECF System.

                                                     /s/ *C. Mark Stratton*
                                                    C. Mark Stratton